**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 14, 2009

Charles R. Fulbruge III
Clerk

No. 09-10007
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ASIFALI MAHOMED,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-121-ALL

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Asifali Mahomed appeals from his conviction of conspiracy pursuant to 18 U.S.C. § 371, based on a mortgage fraud scheme. He contends that his sentence to 37 months of imprisonment was substantively unreasonable because he and Mrs. Mahomed cooperated with the Government; because a person of his background poses a minimal risk of recidivism; and because he would be more likely to pay restitution were he sentenced to probation and not imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He concedes that the sentence was procedurally correct and was within the applicable guideline sentencing range.

We review a sentencing decision for "reasonableness," applying the abuse-of-discretion standard. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). This standard applies whether the sentence is inside or outside the guidelines range. *Id.*

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). "[A]ppellate 'reasonableness' review merely asks whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 351 (2007). That an appellate court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). Mahomed has failed to rebut the presumption of reasonableness given to his within-range sentence. *See United States v. Gomez-Herrera,* 523 F.3d 554, 565-66 (5th Cir.), *cert. denied,* 129 S. Ct. 624 (2008). AFFIRMED.